# Geissler et al. *v.* Lauther, Appellant.

*Wills—Construction—Residuary devises — Agreement of sale — Affidavit of defense—Insufficiency.*

Testator after making certain specific bequests provided "As to the rest, residue and remainder of my estate, I suggest that the real estate be taken by my children at the appraisement as herewith enclosed and hereinbefore referred to." The children agreed to sell the property; the vendee refused to complete the purchase. In an action by the children to recover the balance of the purchase-money due, the affidavit of defense alleged that plaintiffs were not the owners of the property in fee simple. *Held,* that plaintiffs possessed the real estate in fee simple, and judgment was properly entered for the plaintiffs for want of a sufficient affidavit of defense.

Argued Feb. 27, 1917.    Appeal, No. 276, Jan. T., 1916, by defendant, from judgment of C. P. Berks Co., March Term, 1916, No. 14, for plaintiff, for want of sufficient affidavit of defense in case of Harry C. Geissler and Annie L., his wife; Samuel K. Geissler and Annie, his wife; R. Frank Geissler and Stella, his wife; and Rosa M. Berg v. Louis G. Lauther. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit for balance due as purchase-money under an agreement for the sale of real estate.

Rule for judgment for want of a sufficient affidavit of defense.

WAGNER, J., filed the following opinion:

The plaintiffs in this case claim from defendant the sum of $1,990, the balance due as purchase-money upon an agreement entered into by the plaintiffs with the defendant for the sale to him of 1335 North Tenth street, Reading, Pa.

The only defense is that the plaintiffs are not the owners of said property in fee simple, for the reason that

under the will of Henry C. Geissler, deceased, they did not take an estate in fee simple.

In the case of Henry C. Geissler, Jr., Marie L. Geissler et al. v. The Reading ·Trust Company, Trustee, Etc., 257 Pa. 329, we have considered the effect of the clauses in the will of Henry C. Geissler, deceased, in which he attempted to create ·a trust estate for his children and grandchildren. The property in question in this suit is no part of the estate of the said Henry C. Geissler, deceased, attempted to be placed in trust, but belongs to that designated in his will as the "rest, residue and remainder of my estate." The only clause in the will that refers to this residue of the estate is Item 11, which is:

"As to the rest, residue and remainder of my Estate, I suggest that the Real Estate be taken by my children at the appraisement as herewith enclosed and hereinbefore referred to, also the securities, at the then market values."

The claim of the plaintiffs is that the testator, having out of his estate made provision for the erection of a monument, the payment of his debts and a trust estate, by this Item 11, recognizes that without a specific bequest of the residue of his property, it, upon his death, would pass to his four children in equal shares, under the intestate laws; that the only purpose of this clause is to give a suggestion of a valuation of the real estate to facilitate an equitable distribution thereof.

The only two constructions that can be placed upon this Item 11 are that it merely fixes the price at which the children are to take the residue of his estate under the intestate laws—as contended for by the plaintiffs; or, second, that it is broad enough to give to the children the real estate at the price fixed. For the purposes of this case it is immaterial which of these is correct, as under either of them the children of Henry Geissler, deceased, have an estate in fee simple in the property described in plaintiff's declaration.

The lower court entered judgment in favor of the plaintiffs for want of a sufficient affidavit of defense for the sum of $1,990. Defendant appealed.

*Error assigned,* among others, was in entering judgment for the plaintiff, for want of a sufficient affidavit of defense.

*Walter B. Craig* and *Jefferson Snyder,* of *Snyder, Zieber & Snyder,* for appellant.

*H. Robert Mays,* for appellee.

PER CURIAM, March 23, 1917:

The judgment in this case is affirmed on the opinion of the learned court below directing it to be entered.